# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-20793
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON BROWN,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(CR-H-96-65-2)

July 15, 1997

Before POLITZ, Chief Judge, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Nelson Brown appeals his conviction and sentence following a jury trial for

conspiracy to possess with intent to distribute cocaine base and aiding and abetting

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

to possess with intent to distribute cocaine base.[1]  Brown contends that:  (1) the

evidence demonstrated his actions were committed under duress; (2) the district

court committed plain error in instructing the jury that he had the burden to prove

the affirmative defense of duress by a preponderance of the evidence; (3) the

district court erred in denying his motion for a judgment of acquittal because the

government failed to prove beyond a reasonable doubt that he conspired to possess

with intent to distribute   cocaine base; and (4) the prosecutor's improper statements

during closing argument substantially affected his right to a fair trial.

Assuming *per arguendo* that the issue that a preponderance of the evidence

demonstrated that Brown's actions were committed under duress is cognizable, our

review of the record persuades that Brown did not demonstrate at trial that he acted

under duress.[2]  The district court did not commit plain error in instructing the jury

on Brown's duress defense.[3]  The evidence before the jury was sufficient to support

---

[1] 21 U.S.C. §§ 841(b)(1)(A), 846.

[2] **United States v. Harvey**, 897 F.2d 1300 (5th Cir.), cert. denied, 498 U.S. 1003 (1990), overruled on other grounds, **United States v. Lambert**, 984 F.2d 658 (5th Cir. 1993) (en banc); **United States v. Gant**, 691 F.2d 1159 (5th Cir. 1982).

[3] **United States v. Willis**, 38 F.3d 170 (5th Cir. 1994), cert. denied, 115 S.Ct. 2585 (1995).

the conviction for conspiracy to possess cocaine base with intent to distribute.[4]
Finally, we conclude that Brown's right to a fair trial was not substantially affected by comments by the prosecutor during closing argument.[5]  The challenged comments by the prosecutor, albeit inappropriate, did not rise to the level of tainting the trial.

The convictions and sentences are AFFIRMED.

---

[4] **United States v. Stephens**, 964 F.2d 424 (5th Cir. 1992); **United States v. Maltos**, 985 F.2d 743 (5th Cir. 1992); **United States v. Ramirez**, 963 F.2d 693 (5th Cir.), cert. denied, 506 U.S. 944 (1992).

[5] **United States v. Andrews**, 22 F.3d 1328 (5th cir.), cert. denied, 513 U.S. 941 (1994).